**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re: MEIMAROGLOU, SOPHIA § Case No. 08-18941
§
§
Debtor(s) §

# TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on July 24, 2008. The undersigned trustee was appointed on January 25, 2010.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of $ 103,313.08

Funds were disbursed in the following amounts:

| | |
|---|---|
| Payments made under an interim distribution | 11,000.00 |
| Administrative expenses | 27,925.80 |
| Bank service fees | 959.04 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of [1] | $ 63,428.24 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

6. The deadline for filing non-governmental claims in this case was 06/22/2010 and the deadline for filing governmental claims was 06/22/2010. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C** .

7. The Trustee's proposed distribution is attached as **Exhibit D** .

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $8,415.65. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $8,415.65, for a total compensation of $8,415.65. [2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 04/09/2012 By:/s/NORMAN NEWMAN
Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

2 If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

Exhibit A



# Form 1

## Individual Estate Property Record and Report

## Asset Cases

**Case Number:** 08-18941
**Case Name:** MEIMAROGLOU, SOPHIA

**Period Ending:** 04/09/12

**Trustee:** (330560) NORMAN NEWMAN
**Filed (f) or Converted (c):** 01/21/10 (c)
**§341(a) Meeting Date:** 02/25/10
**Claims Bar Date:** 06/22/10

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/ Unscheduled Values | 3<br>Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | 4<br>Property Abandoned OA=§554(a) DA=§554(c) | 5<br>Sale/Funds Received by the Estate | 6<br>Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | Potential inheritance from deceased father's est<br>Orig. Asset Memo: Imported from original petition Doc# 114 | Unknown | 0.00 | OA | 0.00 | FA |
| 2 | Potential causes of action versus DEMETRIS GIANN<br>Orig. Asset Memo: Imported from original petition Doc# 114 | Unknown | 0.00 | DA | 0.00 | FA |
| 3 | Cash | 100.00 | 100.00 | DA | 0.00 | FA |
| 4 | Quarterly Trustee Fees (u) | 320.00 | 320.00 | | 320.00 | FA |
| 5 | Debtor-in-Possession Bank Accounts (u) | 79,842.29 | 79,842.29 | | 82,342.29 | FA |
| 6 | Real Estate - 7450-56 N. Greenview, Chicago | 4,400,000.00 | 320,000.00 | DA | 0.00 | FA |
| 7 | Real Estate - 1500 W. Fargo, Chicago | 4,400,000.00 | 320,000.00 | DA | 0.00 | FA |
| 8 | Real Estate - 1456-62 W. Fargo, Chicago | 4,400,000.00 | 1,105,000.00 | DA | 0.00 | FA |
| 9 | Real Estate - 3362 S. Giles Avenue, Chicago | 400,000.00 | 111,000.00 | OA | 0.00 | FA |
| 10 | 3409 S. Giles Avenue (Vacant Lot) | 100,000.00 | 99,999.00 | OA | 0.00 | FA |
| 11 | Real Estate - 2419 W. Greenleaf, Chicago | 250,000.00 | 171,547.00 | OA | 0.00 | FA |
| 12 | 6150 S. Kenwood Avenue (Vacant Lot) | 725,000.00 | 725,000.00 | OA | 0.00 | FA |
| 13 | Condo I - Thessaloniki, Greece | 200,000.00 | 200,000.00 | OA | 0.00 | 0.00 |
| 14 | Condo II - Thessaloniki, Greece | 400,000.00 | 400,000.00 | OA | 0.00 | 0.00 |
| 15 | Checking Account - North Community Bank | 700.00 | 700.00 | DA | 0.00 | FA |
| 16 | Checking Account - Broadway Bank | 1,100.00 | 1,100.00 | DA | 0.00 | FA |
| 17 | Checking Account - Charter One Bank | 3,000.00 | 3,000.00 | DA | 0.00 | FA |
| 18 | Miscellaneous Household Goods | 5,000.00 | 5,000.00 | DA | 0.00 | FA |
| 19 | Miscellaneous Books, Pictures, etc. | 500.00 | 500.00 | DA | 0.00 | FA |
| 20 | Wearing Apparel | 800.00 | 0.00 | DA | 0.00 | FA |
| 21 | Jewelry | 10,000.00 | 6,000.00 | DA | 0.00 | FA |
| 22 | Miscellaneous Hobby Equipment | 50.00 | 50.00 | DA | 0.00 | FA |
| 23 | Interests in Life Insurance Policy | 6,000.00 | 0.00 | DA | 0.00 | FA |
| 24 | Stock - Birchmont, LLC | 0.00 | 0.00 | DA | 0.00 | FA |

Exhibit A

# Form 1



## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 08-18941
**Case Name:** MEIMAROGLOU, SOPHIA

**Period Ending:** 04/09/12

**Trustee:** (330560) NORMAN NEWMAN
**Filed (f) or Converted (c):** 01/21/10 (c)
**§341(a) Meeting Date:** 02/25/10
**Claims Bar Date:** 06/22/10

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/ Unscheduled Values | 3<br>Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | 4<br>Property Abandoned OA=§554(a) DA=§554(c) | 5<br>Sale/Funds Received by the Estate | 6<br>Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
|---|---|---|---|---|---|---|
| 25 | Stock - R.S.D., LLC | 315,000.00 | 315,000.00 | DA | 0.00 | FA |
| 26 | Stock - Bichmont Suites | 0.00 | 0.00 | DA | 0.00 | FA |
| 27 | Account Receivable (Judgment Debtor) | 10,000.00 | 10,000.00 | DA | 0.00 | FA |
| 28 | Account Receivable (Miscellaneous) | 17,000.00 | 17,000.00 | DA | 0.00 | FA |
| 29 | Automobile - '98 Infinity | 6,000.00 | 3,600.00 | DA | 0.00 | FA |
| 30 | Automobile - '89 Ford Van | 600.00 | 600.00 | DA | 0.00 | FA |
| 31 | Office Equipment | 600.00 | 600.00 | DA | 0.00 | FA |
| 32 | Supplies | 250.00 | 250.00 | DA | 0.00 | FA |
| 33 | VOID | 0.00 | 0.00 | DA | 0.00 | FA |
| 34 | Judgment Order Agst. RA Schavitz | 24,000.00 | 24,000.00 | DA | 0.00 | FA |
| 35 | Defaulted Earnest Money | 20,000.00 | 20,000.00 | | 20,600.48 | FA |
| 36 | Pending Contract for 2409 S. Giles Avenue | 0.00 | 0.00 | DA | 0.00 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 50.31 | Unknown |
| 37 | **Assets** **Totals** (Excluding unknown values) | **$15,775,862.29** | **$3,940,208.29** | | **$103,313.08** | **$0.00** |

**Major Activities Affecting Case Closing:**

Reviewing claims. Preparing final report.

**Initial Projected Date Of Final Report (TFR):** August 31, 2011 **Current Projected Date Of Final Report (TFR):** August 31, 2012

Exhibit B

# Form 2



## Cash Receipts And Disbursements Record

**Case Number:** 08-18941
**Case Name:** MEIMAROGLOU, SOPHIA

**Taxpayer ID #:** **-***7031
**Period Ending:** 04/09/12

**Trustee:** NORMAN NEWMAN (330560)
**Bank Name:** JPMORGAN CHASE BANK, N.A.
**Account:** ***-*****02-65 - Money Market Account
**Blanket Bond:** $5,000,000.00 (per case limit)
**Separate Bond:** N/A

| 1<br>Trans. Date | 2<br>{Ref #} / Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts $ | 6<br>Disbursements $ | 7<br>Money Market Account Balance |
|---|---|---|---|---|---|---|---|
| 03/19/10 | {4} | United States Treasury | Overpayment of U.S. Trustee Quarterly Fees | 1290-010 | 320.00 | | 320.00 |
| 03/19/10 | {5} | Fifth Third Bank | Funds Turned Over from Debtor-in-Possession Account | 1290-010 | 4,603.35 | | 4,923.35 |
| 03/19/10 | {5} | Fifth Third Bank | Funds Turned Over from Debtor-in-Possession Account | 1290-010 | 75,238.94 | | 80,162.29 |
| 03/31/10 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.98 | | 80,163.27 |
| 04/02/10 | {5} | Fifth Third Bank | Funds Turned Over from Debtor-in-Possession Account | 1290-010 | 2,500.00 | | 82,663.27 |
| 04/06/10 | Int | JPMORGAN CHASE BANK, N.A. | Current Interest Rate is 0.0500% | 1270-000 | 0.54 | | 82,663.81 |
| 04/06/10 | | Wire out to BNYM account 9200******0265 | Wire out to BNYM account 9200******0265 | 9999-000 | -82,663.81 | | 0.00 |

| | Receipts | Disbursements | Balance |
|---|---|---|---|
| **ACCOUNT TOTALS** | **0.00** | **0.00** | **$0.00** |
| Less: Bank Transfers | -82,663.81 | 0.00 | |
| **Subtotal** | **82,663.81** | **0.00** | |
| Less: Payments to Debtors | | 0.00 | |
| **NET Receipts / Disbursements** | **$82,663.81** | **$0.00** | |

{} Asset reference(s)

Exhibit B

# Form 2



## Cash Receipts And Disbursements Record

**Case Number:** 08-18941
**Case Name:** MEIMAROGLOU, SOPHIA

**Taxpayer ID #:** **-***7031
**Period Ending:** 04/09/12

**Trustee:** NORMAN NEWMAN (330560)
**Bank Name:** The Bank of New York Mellon
**Account:** 9200-******02-65 - Checking Account
**Blanket Bond:** $5,000,000.00 (per case limit)
**Separate Bond:** N/A

| 1<br>Trans. Date | 2<br>{Ref #} / Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts $ | 6<br>Disbursements $ | 7<br>Checking Account Balance |
|---|---|---|---|---|---|---|---|
| 04/06/10 | | Wire in from JPMorgan Chase Bank, N.A. account ********0265 | Wire in from JPMorgan Chase Bank, N.A. account ********0265 | 9999-000 | 82,663.81 | | 82,663.81 |
| 04/30/10 | Int | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | 3.96 | | 82,667.77 |
| 05/18/10 | {35} | Ditkowsky & Contorer | Defaulted Earnest Money | 1129-000 | 20,600.48 | | 103,268.25 |
| 05/28/10 | Int | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | 5.43 | | 103,273.68 |
| 06/08/10 | 11001 | Iani Varga | Settlement of claim in connection with 7450-56 N. Greenview, Chicago, IL | 4220-000 | | 11,000.00 | 92,273.68 |
| 06/30/10 | Int | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | 5.90 | | 92,279.58 |
| 07/30/10 | Int | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | 5.48 | | 92,285.06 |
| 08/31/10 | Int | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | 5.48 | | 92,290.54 |
| 09/30/10 | Int | The Bank of New York Mellon | Interest posting at 0.0300% | 1270-000 | 2.27 | | 92,292.81 |
| 10/29/10 | Int | The Bank of New York Mellon | Interest posting at 0.0300% | 1270-000 | 2.35 | | 92,295.16 |
| 11/30/10 | Int | The Bank of New York Mellon | Interest posting at 0.0300% | 1270-000 | 2.27 | | 92,297.43 |
| 12/31/10 | Int | The Bank of New York Mellon | Interest posting at 0.0300% | 1270-000 | 2.35 | | 92,299.78 |
| 01/31/11 | Int | The Bank of New York Mellon | Interest posting at 0.0300% | 1270-000 | 2.35 | | 92,302.13 |
| 02/15/11 | 11002 | Much Shelist, et.al. | Interim Compensation for the period 2/8/10 - 11/12/10 | 3110-000 | | 27,742.50 | 64,559.63 |
| 02/15/11 | 11003 | Much Shelist, et.al. | Interim Expenses for the period 2/8/10 - 11/12/10 | 3120-000 | | 70.20 | 64,489.43 |
| 02/15/11 | 11004 | International Sureties, Ltd. | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 02/15/2011 FOR CASE #08-18941, Bond #016026455 | 2300-000 | | 61.12 | 64,428.31 |
| 02/28/11 | Int | The Bank of New York Mellon | Interest posting at 0.0300% | 1270-000 | 1.84 | | 64,430.15 |
| 03/31/11 | Int | The Bank of New York Mellon | Interest posting at 0.0300% | 1270-000 | 1.64 | | 64,431.79 |
| 04/21/11 | Int | The Bank of New York Mellon | Interest posting at 0.0300% | 1270-000 | 1.05 | | 64,432.84 |
| 04/25/11 | Int | The Bank of New York Mellon | Interest posting at 0.0300% | 1270-000 | 0.21 | | 64,433.05 |
| 04/29/11 | Int | The Bank of New York Mellon | Interest posting at 0.0300% | 1270-000 | 0.31 | | 64,433.36 |
| 05/31/11 | Int | The Bank of New York Mellon | Interest posting at 0.0300% | 1270-000 | 1.64 | | 64,435.00 |
| 06/30/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.52 | | 64,435.52 |
| 07/29/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.54 | | 64,436.06 |
| 08/31/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.54 | | 64,436.60 |
| 08/31/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 150.06 | 64,286.54 |
| 09/08/11 | | The Bank of New York Mellon | Bank and Technology Services Fee Adjustment | 2600-000 | | -119.14 | 64,405.68 |
| 09/12/11 | | The Bank of New York Mellon | Bank and Technology Services Fee Adjustment | 2600-000 | | -119.14 | 64,524.82 |
| 09/13/11 | | The Bank of New York Mellon | Bank and Technology Services Fee Adjustment | 2600-000 | | -119.17 | 64,643.99 |
| 09/13/11 | | BANK SERVICE AND TECHNOLOGY FEE | | 2600-000 | | 119.14 | 64,524.85 |
| 09/13/11 | | BANK SERVICE AND | | 2600-000 | | 119.14 | 64,405.71 |
| | | | Subtotals : | | $103,310.42 | $38,904.71 | |

{} Asset reference(s)

Exhibit B

# Form 2



## Cash Receipts And Disbursements Record

**Case Number:** 08-18941
**Case Name:** MEIMAROGLOU, SOPHIA

**Taxpayer ID #:** **-***7031
**Period Ending:** 04/09/12

**Trustee:** NORMAN NEWMAN (330560)
**Bank Name:** The Bank of New York Mellon
**Account:** 9200-******02-65 - Checking Account
**Blanket Bond:** $5,000,000.00 (per case limit)
**Separate Bond:** N/A

| 1<br>Trans. Date | 2<br>{Ref #} / Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts $ | 6<br>Disbursements $ | 7<br>Checking Account Balance |
|---|---|---|---|---|---|---|---|
| | | TECHNOLOGY FEE | | | | | |
| 09/30/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.52 | | 64,406.23 |
| 09/30/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 132.28 | 64,273.95 |
| 10/31/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.54 | | 64,274.49 |
| 10/31/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 127.67 | 64,146.82 |
| 11/30/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.52 | | 64,147.34 |
| 11/30/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 140.61 | 64,006.73 |
| 12/30/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.54 | | 64,007.27 |
| 12/30/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 131.52 | 63,875.75 |
| 01/31/12 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.54 | | 63,876.29 |
| 01/31/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 139.64 | 63,736.65 |
| 02/07/12 | 11005 | International Sureties, Ltd. | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 02/07/2012 FOR CASE #08-18941, Bond#016026455 | 2300-000 | | 51.98 | 63,684.67 |
| 02/29/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 126.19 | 63,558.48 |
| 03/30/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 130.24 | 63,428.24 |

| | Receipts | Disbursements | Balance |
|---|---|---|---|
| **ACCOUNT TOTALS** | **103,313.08** | **39,884.84** | **$63,428.24** |
| Less: Bank Transfers | 82,663.81 | 0.00 | |
| **Subtotal** | **20,649.27** | **39,884.84** | |
| Less: Payments to Debtors | | 0.00 | |
| **NET Receipts / Disbursements** | **$20,649.27** | **$39,884.84** | |

| | |
|---|---|
| Net Receipts : | 103,313.08 |
| Net Estate : | $103,313.08 |

| **TOTAL - ALL ACCOUNTS** | **Net Receipts** | **Net Disbursements** | **Account Balances** |
|---|---|---|---|
| **MMA # ***-*****02-65** | **82,663.81** | **0.00** | **0.00** |
| **Checking # 9200-******02-65** | **20,649.27** | **39,884.84** | **63,428.24** |
| | **$103,313.08** | **$39,884.84** | **$63,428.24** |

Printed: 04/09/12 03:44 PM



# Claims Proposed Distribution

## Case: 08-18941 MEIMAROGLOU, SOPHIA

Report Includes ONLY Claims with a Proposed Distribution

**Case Balance:** $63,428.24 **Total Proposed Payment:** $63,428.24 **Remaining Balance:** $0.00

| Claim # | Claimant Name | Type | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment | Remaining Funds |
|---|---|---|---|---|---|---|---|---|
| 8 | WFN, LLC | Secured | 3,293,870.96 | 8,132.52 | 0.00 | 8,132.52 | 8,132.52 | 55,295.72 |
| | **Claim Memo:** Pursuant to settlement discussions, after Chapter 7 administraive fees and expenses are paid, WFN, LLC and NGN, LLC will receive 1/2 of the remaining balance of the proceeds. See e-mail dated 3/30/12. | | | | | | | |
| 9 | NGN, LLC | Secured | 3,817,958.53 | 8,132.52 | 0.00 | 8,132.52 | 8,132.52 | 47,163.20 |
| | **Claim Memo:** Pursuant to settlement discussions, after Chapter 7 administrative fees and expenses are paid, WFN, LLC and NGN, LLC will receive 1/2 of the remaining balance of the proceeds. See e-mail dated 3/30/12. | | | | | | | |
| **SUBTOTAL FOR SECURED** | | | **7,111,829.49** | **16,265.04** | **0.00** | **16,265.04** | **16,265.04** | |
| A | Norman B. Newman, Trustee <2100-00 Trustee Compensation> | Admin Ch. 7 | 8,415.65 | 8,415.65 | 0.00 | 8,415.65 | 8,415.65 | 38,747.55 |
| D | FGMK, LLC <3410-00 Accountant for Trustee Fees (Other Firm)> | Admin Ch. 7 | 2,725.00 | 2,725.00 | 0.00 | 2,725.00 | 2,725.00 | 36,022.55 |
| MS-E | Much Shelist, et.al. <3120-00 Attorney for Trustee Expenses (Trustee Firm)> | Admin Ch. 7 | 0.00 | 123.20 | 70.20 | 53.00 | 53.00 | 35,969.55 |
| MS-F | Much Shelist, et.al. <3110-00 Attorney for Trustee Fees (Trustee Firm)> | Admin Ch. 7 | 0.00 | 47,447.00 | 27,742.50 | 19,704.50 | 19,704.50 | 16,265.05 |
| **SUBTOTAL FOR ADMIN CH. 7** | | | **11,140.65** | **58,710.85** | **27,812.70** | **30,898.15** | **30,898.15** | |
| 15 | Morgan & Bley, Ltd. <6210-16 Attorney for D-I-P Fees (Chapter 11)> | Admin Ch. 11 | 121,744.85 | 16,265.05 | 0.00 | 16,265.05 | 16,265.05 | 0.00 |
| | **Claim Memo:** The total of amount awarded is $181,229.35 minus $58,984.00 which has been previously paid in the Chapter 11 leaving a balance of $121,744.85. See Order dated 3/29/12. Pursuant to settlement discussions, after the Chapter 7 administrative fees and expenses are paid, the remaining balance of the proceeds will be distributed half to Keevan Morgan (Clm. 15) and half to NGN, LLC and WFN, LLC (Clm. Nos. 8 & 9). | | | | | | | |
| **SUBTOTAL FOR ADMIN CH. 11** | | | **121,744.85** | **16,265.05** | **0.00** | **16,265.05** | **16,265.05** | |
| | **Total for Case 08-18941 :** | | **$7,244,714.99** | **$91,240.94** | **$27,812.70** | **$63,428.24** | **$63,428.24** | |

## CASE SUMMARY

| | Amount Filed | Amount Allowed | Paid to Date | Proposed Payment | % paid |
|---|---|---|---|---|---|
| **Total Administrative Claims :** | $132,885.50 | $74,975.90 | $27,812.70 | $47,163.20 | 100.000000% |
| **Total Secured Claims :** | $7,111,829.49 | $16,265.04 | $0.00 | $16,265.04 | 100.000000% |

**TRUSTEE'S PROPOSED DISTRIBUTION**

Exhibit D

Case No.: 08-18941
Case Name: MEIMAROGLOU, SOPHIA
Trustee Name: NORMAN NEWMAN

**Balance on hand:** $ 63,428.24

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| 5 | COOK COUNTY TREASURER'S OFFICE - Claim has been satisfied & withdrawn pursuant to the attached letter dated 3/27/12. | 85,795.40 | 0.00 | 0.00 | 0.00 |
| 7 | Daniel J. Hyman - Claimant has been paid in full. Claim has been withdrawn pursuant to the attached letter dated 3/6/12. | 52,493.65 | 0.00 | 0.00 | 0.00 |
| 8 | WFN, LLC - Pursuant to settlement discussions, after Chp. 7 admin. fees and exps. are pd. WFN/NGN will receive ½ half of the remaining balance of the proceeds. See attached e-mail dated 3/30/12. | 3,293,870.96 | 8,132.52 | 0.00 | 8,132.52 |
| 9 | NGN, LLC (Pursuant to settlement discussions, after Chp. 7 admin. fees and exps. are pd. WFN/NGN will receive ½ half of the remaining balance of the proceeds. See attached e-mail dated 3/30/12. | 3,817,958.53 | 8,132.52 | 0.00 | 8,132.52 |

Total to be paid to secured creditors: $ 16,265.04
Remaining balance: $ 47,163.20

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Norman B. Newman, Trustee | 8,415.65 | 0.00 | 8,415.65 |
| Attorney for Trustee, Fees - Much Shelist, et.al. | 47,447.00 | 27,742.50 | 19,704.50 |
| Attorney for Trustee, Expenses - Much Shelist, et.al. | 123.20 | 70.20 | 53.00 |
| Accountant for Trustee, Fees - FGMK, LLC | 2,725.00 | 0.00 | 2,725.00 |

Total to be paid for chapter 7 administration expenses: $ 30,898.15
Remaining balance: $ 16,265.05




**Maria Pappas**

**Cook County Treasurer**

March 27, 2012

Norman B. Newman
Much Shelist
191 N. Wacker Drive
Suite 1800
Chicago, IL 60606

Re: Sophia Meimaroglou – Case No. 08B18941/Claim of Cook County Treasurer

Dear Mr. Newman:

This letter serves to inform you that the Cook County Treasurer's Office's secured proof of claim for unpaid ad valorem property taxes, filed on 8/28/2008, has been satisfied in full. Furthermore, per your request, this Office will cause said claim to be withdrawn.

Please let me know if you have further questions or concerns.

Sincerely,

Justin F. Kirvan
Staff Attorney
Office of the Cook County Treasurer
Direct phone: (312) 603-3173
Fax: (312) 603-6967
jkirvan@cookcountytreasurer.com

**CROWLEY BARRETT & KARABA, LTD.**
ATTORNEYS AT LAW
SUITE 2310
20 SOUTH CLARK STREET
CHICAGO, ILLINOIS 60603-1806
(312) 726-2468
FAX (312) 726-2741
www.cbklaw.com

GREGORY M. WHITE
THOMAS F. KARABA
SCOTT D.H. REDMAN
JEFFREY S. BURNS
BRUNO W. TABIS, JR.
ANDREW N. PLASZ
TONYA M. PARRAVANO

PATRICK F. CROWLEY (1911-1974)
EDWARD W. BARRETT (1910-2002)
FRANK A. KARABA (1927-1996)

Writer's Direct Dial
312.917.3706
Writer's Email Address
jburns@cbklaw.com

March 6, 2012
*Via email: nnewman@muchshelist.com*

Norman B. Newman
Much Shelist Denenberg Ament & Rubenstein, P.C.
191 N. Wacker Drive
Suite 1800
Chicago, IL 60606-1615

Re: Sophia Meimaroglou – Case No. 08-18941/Claim of Daniel J. Hyman

Dear Mr. Newman:

I received your letter dated March 2, 2012. We represent Daniel J. Hyman with respect to the above matter. Mr. Hyman has been paid in full. Please consider the letter Mr. Hyman's withdrawal of his claim in the above matter.

Please telephone me if you have any questions.

Sincerely,

Jeffrey S. Burns

C: Mr. Daniel J. Hyman

**Norm Newman**

**From:** Norm Newman
**Sent:** Friday, March 30, 2012 10:43 AM
**To:** 'keevan morgan'; Nicholas Dizonno
**Subject:** Sopha Meimaroglou
**File:** -1

Per our discussion this morning, I will finalize and final my Final Report and fee apps. The proposed distribution will reflect that after payment of my allowed Trustee fee, Attorneys fee and expenses ( which are minimal), the balance will be distributed half to Keevan and half to NGN/WFN. Thanks to both of you for your help in resolving this matter.

Norm

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Attorney for D-I-P Fees - Morgan & Bley, Ltd. - The total amount awarded is $181,229.35 minus $58,984.00 which was previously paid in the Chp. 11 leaving a balance of $121,744.85. See Order dated 3/29/12. Pursuant to settlement discussions, after Chp. 7 admin. fees and exps. are pd., the remaining balance of the proceeds will be distributed half to Keevan Morgan (Clm. 15) and half to NGN, LLC and WFN, LLC (Clm. Nos. 8 & 9). See attached e-mail dated 3/30/12. | 16,265.05 | 0.00 | 16,265.05 |

Total to be paid for prior chapter administrative expenses: $ 16,265.05

Remaining balance: $ 0.00

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $4,407,900.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 4P | INTERNAL REVENUE SERVICE – Claim No. 6-1 amends Claim No. 4 | 3,526,320.00 | 0.00 | 0.00 |
| 6P-3 | INTERNAL REVENUE SERVICE | 881,580.00 | 0.00 | 0.00 |

Total to be paid for priority claims: $ 0.00

Remaining balance: $ 0.00

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 3,644,573.46 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Weissberg and Associates, Ltd. | 15,727.21 | 0.00 | 0.00 |
| 2 | PEOPLES GAS LIGHT AND COKE CO | 15,612.21 | 0.00 | 0.00 |
| 3 | National Education Service – Duplicate to Claim No. 13 | 0.00 | 0.00 | 0.00 |
| 4U | INTERNAL REVENUE SERVICE | 2,644,740.00 | 0.00 | 0.00 |
| 6U-3 | INTERNAL REVENUE SERVICE | 881,580.00 | 0.00 | 0.00 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: Sophia Meimaroglou, Debtor(s) | ) | BK No.: 08-18941<br>Chapter: 7<br>Honorable Jacqueline Cox |

**ORDER GRANTING FINAL COMPENSATION TO DEBTOR'S ATTORNEY**

This cause coming on to be heard upon the application of Keevan D. Morgan of Morgan & Bley, Ltd. ("the Attorneys") for an award of final compensation and expenses advanced, due notice having been given and the Court being fully advised in the premises, it is hereby ordered as follows:

1. The Attorneys are awarded final compensation in the amount of ~~$179,169.50~~ 178,669.50 and final expenses in the amount of $2,059.85, for a total of $181,229.35, of which $58,984.00 has been paid, leaving a balance of ~~$122,244.85~~. 121,744.85

2. Norman Newman, the Debtor's Chapter 7 Trustee is authorized to pay the Attorneys up to the sum of ~~$122,244.85~~ 121,744.85 to the extent funds are on hand in the Debtor's Estate now or in the future, subject to any objection by WFN, LLC and NFN, LLC.

KDM EEC NBN

Enter: Janet S. Baer

United States Bankruptcy Judge

Dated: 29 MAR 2012

**Prepared by:**
Keevan D. Morgan
Morgan & Bley, Ltd.
900 W. Jackson Blvd.
Suite 4 East
Chicago, Illinois 60607
312.243.0006
ARDC No. 1958844

**Norm Newman**

**From:** Norm Newman
**Sent:** Friday, March 30, 2012 10:43 AM
**To:** 'keevan morgan'; Nicholas Dizonno
**Subject:** Sopha Meimaroglou
**File:** -1

Per our discussion this morning, I will finalize and final my Final Report and fee apps. The proposed distribution will reflect that after payment of my allowed Trustee fee, Attorneys fee and expenses ( which are minimal), the balance will be distributed half to Keevan and half to NGN/WFN. Thanks to both of you for your help in resolving this matter.

Norm

| | | | | |
|---|---|---|---|---|
| 10 | North Community Bank – Pursuant to a Stipulation on behalf of No. Comm. Bank, dated 3/6/12, Claim No. 10 shall be treated as an unsecured claim. See attached Stipulation. | 59,284.42 | 0.00 | 0.00 |
| 11 | PEOPLES GAS LIGHT & COKE COMPANY | 22,383.54 | 0.00 | 0.00 |
| 12 | Penstar Bank – Trustee abandon collateral pursuant to Order dated December 7, 2010, which was the basis of this secured claim. See attached Order. | 0.00 | 0.00 | 0.00 |
| 13 | National Education Service – Duplicate to Claim No. 3. | 3,759.99 | 0.00 | 0.00 |
| 14 | GE Money Bank dba ABT TV/GEMB | 1,486.09 | 0.00 | 0.00 |

Total to be paid for timely general unsecured claims: $ 0.00
Remaining balance: $ 0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | None | | |

Total to be paid for tardy general unsecured claims: $ 0.00
Remaining balance: $ 0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | None | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 0.00

**STIPULATION**

On behalf of North Community Bank ("NCB") it is stipulated and agreed that the Proof Of Claim filed on behalf of NCB, in the matter of In Re Sophia Meimaroglou, 08-18941, and dated August 31, 2009, in the amount of $59,284.42, should be allowed as a general unsecured claim for purposes of distribution only. This agreement of NCB for its claim to be treated as general unsecured claim in this matter is specifically only for purposes of distribution and shall not in any way act to impair or abrogate any State Law rights that NCB may have against property, it has an interest in, that has been abandoned by the Estate or that is no longer property of the estate.

Dated: March 6, 2012

North Community Bank

By: /s/James A. Hasier
One of its Attorneys

JAMES A. HASIER, *Esq.*
ARDC # 6198789
Martin & Karcazes, Ltd.
Attorneys for Creditor- North Community Bank
161 North Clark Street, Suite 550
Chicago, Illinois 60601
(312) 332-4550 Telephone

**Norm Newman**

**From:** James A. Hasier [jhasier@martin-karcazes.com]
**Sent:** Tuesday, March 06, 2012 12:15 PM
**To:** Norm Newman
**Subject:** FW: In re Sophia Miemaroglou 08- 18941/North Community Bank
**Attachments:** Stipulation as to unsecured claim.pdf

---

**From:** James A. Hasier
**Sent:** Tuesday, March 06, 2012 11:51 AM
**To:** 'nnewmaan@muchshelist.com'
**Subject:** In re Sophia Miemaroglou 08- 18941/North Community Bank

This is in regards to you letter re the clam of North Community Bank in the above matter. You had requested that we sign an agreement that NCB's claim be treated as unsecured for purposes of distribution. I took the liberty of revising your language and casting it as a stipulation – which I have electronically signed.

Please advise if this works for you.

Jim

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 08-18941 |
| | ) | |
| SOPHIA MEIMAROGLOU, | ) | Chapter: 7 |
| | ) | Honorable Jacqueline Cox |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**ORDER AUTHORIZING TRUSTEE TO ABANDON INTEREST IN REAL ESTATE**

THIS MATTER having been heard on the motion of Norman B. Newman, not individually, but as Chapter 7 Trustee (the "Trustee") of Sophia Meimaroglou for authorization to abandon the Trustee's interest in certain real estate, notice having been given to the Debtor, her creditors and all parties in interest;

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Trustee's motion to abandon his interest in real estate is granted.

2. The Trustee is authorized to abandon his interest in the real estate located at 3362 S. Giles Avenue, Chicago, Illinois; 3409 S. Giles Avenue, Chicago, Illinois; 2419 W. Greenleaf Avenue, No. 3, Chicago, Illinois and 6150 S. Kenwood Avenue, Chicago, Illinois.

ENTERED

DEC - 7 2010

Enter: Judge Jacqueline P. Cox
United States Bankruptcy Court

Honorable Jacqueline Cox
United States Bankruptcy Judge

Dated:

**Prepared by counsel of Movant:**

Norman B. Newman
Much Shelist, et.al.
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
312-521-2000
nnewman@muchshelist.com